UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EFRAN SANTIAGO LEFRANC

    Applicant,

v.                                                   CASE NO. 8:23-cv-2569-SDM-AAS

JUDGE ROBIN F. FUSON,

    Respondent.
_____/

**<u>ORDER</u>**

    Lefranc files a copy of a letter addressed to the Honorable Robin F. Fuson, Thirteenth Judicial Circuit Court, Hillsborough County, which paper is best construed as an application under 28 U.S.C. § 1641 for the writ of mandamus. Lefranc complains that the state court should not rely on a 1988 sex offender charge from the State of California because he was "never found guilty of this charge . . . ." (Doc. 1 at 1)

    Lefranc neither moved for leave to proceed *in forma pauperis* nor paid the full $402 filing fee. Nevertheless, under either 28 U.S.C. § 1915(e) (if proceeding *in forma pauperis*) or 28 U.S.C. § 1915A (if the full filing fee is paid), the Prisoner Litigation Reform Act ("PLRA") requires a district court both to review the action and to dismiss the action if frivolous or malicious or for failing to state a claim upon "which relief may be granted." Although Lefranc's paper is entitled to a generous

interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), this *pro se* action lacks merit under this standard.

To the extent that he requests this federal court to order Judge Fuson to decide a particular issue, Lefranc is advised that a federal court lacks jurisdiction to issue a writ of mandamus to order a state agency, a state court, or the state's judicial employees to perform a duty. *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971).[1]  *See also Campbell v. Gersten*, 394 F. App'x 654 (11th Cir. 2010)[2] ("The district court also lacked authority to issue a writ of mandamus to compel the state court and its officers to reinstate his motions to vacate and consider those motions on the merits.") (citing *Lamar*, 440 F.2d at 384); *Lawrence v. Miami-Dade County State Att'y Office*, 272 F. App'x 781, 781 (11th Cir. 2008) ("Because the only relief Lawrence sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition."); *Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007) ("Federal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought."). No authority exists to issue a writ of mandamus to Judge Fuson in this action.

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

- 3 -

To the extent that he requests this federal court's intervention into a criminal action pending in state court, Lefranc is advised that, because a federal court should almost always abstain from intrusion in a state proceeding, "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris*, 401 U.S. 37, 45 (1971). *Accord Lawrence v. Miami-Dade State Attorney*, 272 F. App'x 781, 781–82 (11th Cir. 2008) ("[A] federal court may not interfere with ongoing state criminal proceedings except in the most extraordinary circumstances."). Lefranc presents no compelling reason — or even a facially sufficient reason — to intervene in the state court proceeding.

Lefranc's paper (Doc. 1), construed as an application for a writ of mandamus, is **DENIED**. The clerk must enter a judgment against Lefranc and **CLOSE** this case.

ORDERED in Tampa, Florida, on November 29, 2023.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE